Gibson, J.
delivered the opinion of the court.
Various errors have been assigned; no one of which is of sufficient importance to merit consideration, except the last. The defendant in the original suit entered bail to entitle him to a stay of execution, according to the act of the 21st March, 1806: and after the expiration of the cesset, the plaintiff took out a fieri facias and' levied on the defendant’s real property; on the return of which he issued this scire facias against the bail: and the question now is, whether he was bound to make his election between the defendant in the first action and his bail, or whether he might pursue both. *20 together? It is obvious that these stand in the relation of principal and surety. . The form of the security is immaterial, "as they are both liable for the same debt, although by different responsibilities; the judgment fixing the one, and the recognizance the other. The engagement of the bail is. not conditional, to pay in case the principal does not — in which case he might perhaps not be, liable, till all means to recover the debt from the latter were exhausted; but both are liable concurrently; and it is not pretended that recourse might • not be had to the bail in the first instance. It is therefore difficult to see why recourse might not be had to both together. What injury can it do to the bail ? Standing in the relation of a surety, if he could object in -any case,'it would be where the principal was not called • on. Here, whatever is recovered on the judgment against the principal, will be for his benefit; for clearly the plaintiff can have but one satisfaction. It is well settled, that the doctrine of election holds only where the remedies are inconsistent with each other; and here they are not so. Nor is it pretended that the levy was,satisfaction, as between the plaintiff and the defendant in the original judgment: and where a number are concurrently liable, they all remain so till satisfaction is actually received from some of them. It is perfectly clear, therefore, that the plaintiff might pursue the principal or his surety; or both at the same time.
Judgment affirmed.